UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

**ALFREDO W. MARRERO**,

                        Plaintiff,                                    **MEMORANDUM DECISION
                                                                      & ORDER**

            -against-                                                 19-cv-01369 (AMD)

**COMMISSIONER OF SOCIAL SECURITY**,

                        Defendant.
-----------------------------------------------------------X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff seeks review of the decision of the Commissioner of Social Security that he was not disabled for purposes of receiving supplemental security income under the Social Security Act.  For the reasons set forth below, I remand the case for further proceedings.

On June 30, 2015, the 33-year old plaintiff filed an application for supplemental security income (Tr. 163-186), alleging disability due to schizophrenia, anxiety, Poland syndrome and asthma (Tr. 70-71).  When the plaintiff's application was denied on October 29, 2015 (Tr. 82-89), he requested an administrative hearing (Tr. 90-91).  Administrative Law Judge ("ALJ") Shawn Bozarth held a video hearing on December 12, 2017, and in a decision dated February 26, 2018, found that the plaintiff was not disabled because he still retained the residual functional capacity ("RFC") to perform light work subject to certain limitations.  (Tr. 18-35.)  The Appeals Council denied the plaintiff's request for review on January 7, 2019, and the ALJ's decision became the final decision of the Commissioner of Social Security.  (Tr. 1-4.)  The plaintiff commenced this action and moved for judgment on the pleadings.  (ECF No. 9.)  The defendant cross-moved for judgment on the pleadings.  (ECF No. 12.)

**DISCUSSION**

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). "Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,' '[w]here an error of law has been made that might have affected the disposition of the case,'" the court will not defer to the ALJ's determination. *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984) (internal citations omitted)). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

The plaintiff challenges the ALJ's decision to give the treating physician's opinion only partial weight. (ECF No. 10.) The defendant responds that the ALJ's decision was correct. (ECF No. 13.)

The plaintiff has a history of mental illness, including schizophrenia, for which he received treatment. Medical records reflect that his treating physician, Dr. Vikhta Gurevich, treated the plaintiff for schizophrenia on a monthly basis beginning in October of 2014. (*See* Tr. 249-61 (diagnosing the plaintiff with schizophrenia on October 23, 2014); Tr. 380 ("First date of

2

treatment was 10/23/14 – monthly visits ever since.").)  The plaintiff also testified that he had

monthly appointments for psychological treatment at the Catholic Charities medical clinic where

Dr. Gurevich practiced.  (Tr. 41 ("Q: Do you see a counselor? A: Yes, sir, and a doctor . . . they

just put me to once a month.").)  In a mental impairment questionnaire, Dr. Gurevich noted that

the plaintiff suffered from hallucinations, delusions and mood disturbances, and opined that he

was "seriously limited" in his ability to complete a normal workday or deal with normal work

stress.  (Tr. 380-82.)  The agency's consultative psychologist, Dr. Ruby Phillips, met with the

plaintiff only once; she confirmed that the plaintiff had schizophrenia, but opined that he was

moderately limited in his ability to relate with others and deal with stress.  (Tr. 358-61.)  The

state agency's psychological consultant, Dr. K. Lieber-Diaz, did not examine the plaintiff;

relying on Dr. Phillips' evaluation and a single treatment note from Dr. Gurevich, Dr. Lieber-

Diaz concluded that the plaintiff had only moderate limitations in his ability to interact with the

public, respond to criticism and changes in the work setting, and complete a normal workday and

workweek without interruptions.  (Tr. 75-77.)

The plaintiff's counsel alerted ALJ Bozarth that Dr. Gurevich had additional records, and

reminded the ALJ that he had previously sought his assistance in obtaining those records (*see* Tr.

156, 159).  The ALJ responded that the records were irrelevant and that he did not have authority

to subpoena them, but said that he had "no reason to doubt" the treatment relationship with Dr.

Gurevich, and deemed the record complete despite the missing treatment notes:

> ATTY:  Will you assist us by requesting [Dr. Gurevich's treatment records], Your
> Honor?  They sometimes respond more to Social Security quicker than they do to
> us.
>
> ALJ:  Well, let me ask you -- let's go back and ask this . . . You got me -- you've
> got a medical source statement, right?  We have the claimant testifying that he
> regularly does those appointments with behavioral counseling and so forth.
> Right?

3

ATTY:  Right.

ALJ:  And he regularly takes his medication . . .

    . . . What's more important to me is he's going out and treating.  All right?

ATTY:  That's fine.

ALJ:  Because what you typically get and more are just treatment plans, which don't tell me anything anymore.

ATTY:  I couldn't agree more.

ALJ:  The SSA-827 does not provide for us to get the treatment notes.

ATTY:  I know that.

ALJ:  It seems to me like a futile exercise when you have a medical source statement, and I have no reason to doubt what this guy's told me today.

(Tr. 62-64.)

Despite the evidence that Dr. Gurevich had been the plaintiff's treating physician since 2014, a relationship the ALJ appeared to acknowledge during the hearing, he nevertheless characterized the doctor-patient relationship as "limited" because the record included only two treatment notes from Dr. Gurevich.  (Tr. 25 ("I give partial weight to the opinion of treating psychiatrist, Vikhta Gurevich, M.D., because of the limited treatment relationship (Exs. B9F; B10F)".)  This was error, because the ALJ's factual conclusion—that the treatment record was "limited"—was inconsistent with the evidence at the hearing, as well as his own observations. Moreover, to the extent that there were missing records, the ALJ had a duty to "fill any clear gaps in the administrative record before rejecting a treating physician's diagnosis."  *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 262 (S.D.N.Y. 2016) (citations and quotation marks omitted).  "[T]he procedure before the Social Security Administration is not supposed to be adversarial, but, rather, inquisitorial."  *Castano v. Astrue*, 650 F. Supp. 2d 270, 280 (E.D.N.Y.

2009) (citing *Moran v. Astrue*, 659 F.3d 108, 112-13 (2d Cir. 2009)).  The ALJ should have

assisted the plaintiff in obtaining Dr. Gurevich's treatment records—which were plainly relevant

to the scope of the treatment relationship—so that he would have a complete record on which to

make his determination.[1]

Because of this, the ALJ afforded equal weight to the plaintiff's treating physician, the

agency's consulting psychologist and the agency psychologist who did not examine the plaintiff.

This decision violated the "treating physician" rule, which requires an ALJ to give "a treating

source's opinion on the issue(s) of the nature and severity" of a claimant's impairment

"controlling weight" if the opinion is "well supported by medically accepted clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in

[the claimant's] case record."  *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)

(citing 20 C.F.R. § 404.1527(d)(2) and *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)).[2]

When an ALJ does not give a treating physician's opinion controlling weight, he must

"comprehensively set forth his reasons for the weight assigned to the treating physician's

opinion."  *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (citations and alterations omitted).

Failing to give "good reasons" for the weight assigned to a treating physician's opinion is

---

[1]  The parties dispute whether the ALJ could subpoena Dr. Gurevich's treatment records.  The defendant
claims that these records are "psychotherapy notes . . . documenting or analyzing the contents of
conversation during a private counseling session," which are protected by HIPPA.  *See Fact Sheet for
Mental Health Care Professionals*, http://www.ssa.gov/disability/professionals/mentalhealth
proffacts.htm; (*see also* ECF No. 13 at 21-22.)  But Dr. Gurevich's records are not psychotherapy notes;
as apparent from the limited copies in the record, Dr. Gurevich did not provide or document private
counseling services for the plaintiff.  In any event, the same fact sheet excludes the following from
HIPPA protection: "medication prescription and monitoring, counseling session start and stop times, the
modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the
following items: diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to
date."  *Id.*  Thus, even if Dr. Gurevich's records were "psychotherapy notes," the ALJ could still obtain
redacted versions to resolve his doubts about the extent of the treatment relationship.

[2]  The treating physician rule applies because the plaintiff filed his claim before March 27, 2017.  *See* 20
C.F.R. § 416.927.

grounds for remand.  *See Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not

hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given

to a treating physician's opinion . . . .").  As explained above, the ALJ's decision to discount the

treating physician's opinion was based on a mistake, and thus cannot constitute "good reasons"

for affording it less than controlling weight.

This is especially true in the context of assessing a claimant's mental illness, because the

treating physician's opinions offer a more complete picture than a "one-time snapshot of a

claimant's status [which] may not be indicative of [his] longitudinal mental health."  *Estrella v.*

*Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019).  Dr. Gurevich noted that the plaintiff suffered from

hallucinations, delusions and mood disturbances, and opined that he was "seriously limited" in

his ability complete a normal workday or deal with normal work stress.  (Tr. 380-82.)  According

to the vocational expert, that condition would preclude the plaintiff from performing any work.

(Tr. 54-55.)  On remand, the ALJ should reassess the plaintiff's RFC and his capacity to do any

work in the national economy with the aid of the complete medical record.[3]

---

[3] The ALJ should also revisit his analysis of the plaintiff's symptoms of hallucinations and delusions,
which also appears to be inconsistent.  In the summary, the ALJ observed that a psychological
consultative examination showed no evidence of hallucinations or delusions, but that the record "does
indicate the claimant had difficulty being around others, auditory and visual hallucinations, and poor
concentration when anxious."  (Tr. 26-27.)  The ALJ should resolve this inconsistency on remand.

**CONCLUSION**

The defendant's motion for judgment on the pleadings is denied, and the case is

remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

s/Ann M. Donnelly

————————————————

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
     July 9, 2020